NICOLL DAVIS & SPINELLA LLP
250 Park Avenue, Suite 1500
New York, New York 10177
(212) 972-0786

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVIN FRANK, Individually and On Behalf of a Class<br><br>     Plaintiff,<br><br>v.<br><br>BENJAMIN STEAKHOUSE,<br><br>     Defendants | CIVIL ACTION NO. 07-CV-11419 (JSR)<br><br>HONORABLE JED S. RAKOFF<br><br>**DEFENDANT'S ANSWER AND SEPARATE DEFENSES**<br><br>**JURY TRIAL DEMANDED** |

Defendant, A & B RESTAURANT GROUP, LLC, improperly plead as BENJAMIN STEAKHOUSE, ("Defendant") having a principle place of business at 52 East 41st Street, New York, New York 10017, by way of Answer to the Complaint of Plaintiffs, says:

## FIRST COUNT

1. Defendant admits that plaintiff, Marvin Frank, ("Plaintiff") purports to bring an action against Defendant for allegedly violating the Fair and Accurate Credit Transactions Act.

1

To the extent the allegations in paragraph 1 are intended to include factual allegations, Defendant denies those allegations.

2.      An affirmative response is not required as the allegations contained in paragraph 2 of the Complaint merely purport to state the legal basis of Plaintiff's claims.  Defendant directs the Court to the statute that speaks for itself.  To the extent the allegations in paragraph 2 are intended to include factual allegations, Defendant denies those allegations.

3.      An affirmative response is not required as the allegations contained in paragraph 3 of the Complaint merely purport to state the legal basis of Plaintiff's claims.  To the extent the allegations in paragraph 3 are intended to include factual allegations, Defendant denies those allegations.

4.      An affirmative response is not required as the allegations contained in paragraph 4 of the Complaint merely purport to state the legal basis of Plaintiff's claims.  To the extent the allegations in paragraph 4 are intended to include factual allegations, Defendant denies those allegations.

5.      Insofar as the allegations of this paragraph do not set forth a claim for relief against this, plaintiff, a general denial is given.

6.      Insofar as the allegations of this paragraph do not set forth a claim for relief against this, plaintiff, a general denial is given.

7.      Insofar as the allegations of this paragraph do not set forth a claim for relief against this, plaintiff, a general denial is given.

8.      Defendant cannot answer the allegations of paragraph 8, as paragraph 8 requires a legal conclusion.  To the extent that any of the allegations are intended to be allegations of fact, Defendant denies said allegations contained in paragraph.

9. Defendant cannot answer the allegations of paragraph 9, as paragraph 9 requires a legal conclusion. To the extent that any of the allegations are intended to be allegations of fact, Defendant denies said allegations contained in paragraph.

10. Denied.

11. An affirmative response is not required as the allegations contained in paragraph 11 of the Complaint merely purport to state the legal basis of Plaintiff's claims. To the extent the allegations in paragraph 11 are intended to include factual allegations, Defendant denies those allegations.

## JURISDICTION AND VENUE

12. Defendant cannot answer the allegations of paragraph 12, as paragraph 12 requires a legal conclusion. To the extent that any of the allegations are intended to be allegations of fact, Defendant denies said allegations contained in paragraph.

13. Defendant cannot answer the allegations of paragraph 13, as paragraph 13 requires a legal conclusion. To the extent that any of the allegations are intended to be allegations of fact, Defendant denies said allegations contained in paragraph.

## PARTIES

14. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

15. Admitted.

16. Defendant cannot answer the allegations of paragraph 16, as paragraph 16 requires a legal conclusion. To the extent that any of the allegations are intended to be allegations of fact, Defendant denies said allegations contained in paragraph.

## FACTS

17.     Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

18.     Insofar as the allegations of this paragraph do not set forth a claim for relief against this, plaintiff, a general denial is given.

## CLASS ALLEGATIONS

19.     An affirmative response is not required as the allegations contained in paragraph 19 of the Complaint merely purport to state the legal basis of Plaintiff's claims.  Defendant denies that this action is properly maintainable as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1)-23(b)(3)

20.     Defendant cannot answer the allegations of paragraph 20, as paragraph 20 requires a legal conclusion.  To the extent that any of the allegations are intended to be allegations of fact, Defendant denies said allegations contained in paragraph.

21.     Denied, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

22.     Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

23.     Denied, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

24.     Defendant cannot answer the allegations of paragraph 24, as paragraph 24 requires a legal conclusion.  To the extent that any of the allegations are intended to be allegations of fact, Defendants deny said allegations contained in paragraph and all its subparts.

25. Denied, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

26. Denied, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

### **VIOLATION ALLEGED**

27. Denied.

28. Defendant directs the Court to the statute that speaks for itself.

29. Defendant directs the Court to the statute that speaks for itself.

30. Defendant admits that it transacts business in the United States, accepts certain credit cards in the course of transacting business, and uses machines that electronically print receipts for credit card transactions. Defendant otherwise denies the allegations contained in paragraph 30, as paragraph 30 requires a legal conclusion.

31. Defendant cannot answer the allegations of paragraph 31, as paragraph 31 requires a legal conclusion. To the extent that any of the allegations are intended to be allegations of fact, Defendant denies said allegations contained in paragraph.

32. Defendant directs the Court to the statute that speaks for itself.

33. Denied.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 relating to entities other than Defendant, and on that basis denies such allegations. To the extent facts pertaining to Defendant are alleged in paragraph 34, Defendant denies such allegations.

35. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 relating to entities other than Defendant, and on that basis

denies such allegations. To the extent facts pertaining to Defendant are alleged in paragraph 35, Defendant denies such allegations.

36.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 relating to entities other than Defendant, and on that basis denies such allegations. To the extent facts pertaining to Defendant are alleged in paragraph 36, Defendant denies such allegations.

37.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 relating to entities other than Defendant, and on that basis denies such allegations. To the extent facts pertaining to Defendant are alleged in paragraph 37, Defendant denies such allegations.

38.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 relating to entities other than Defendant, and on that basis denies such allegations. To the extent facts pertaining to Defendant are alleged in paragraph 37, Defendant denies such allegations.

39.     Defendant admits that is accepts Visa and Master Card, but denies the remainder of the allegations set forth in paragraph 39.

40.     Insofar as the allegations of this paragraph do not set forth a claim for relief against this, plaintiff, a general denial is given.

41.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 relating to entities other than Defendant, and on that basis denies such allegations. To the extent facts pertaining to Defendant are alleged in paragraph 41, Defendant denies such allegations.

42.     Denied.

43. Defendant directs the Court to the statute that speaks for itself.

44. Defendant directs the Court to the statute that speaks for itself.

**WHEREFORE** Defendant prays:

A. That Judgment be entered dismissing the Plaintiff's and the class members' Complaint in its entirety;

B. For Attorneys' fees and costs of suit; and

C. Any other relief that the Court may deem equitable and just.

## JURY DEMAND

Defendant, Benjamin Steakhouse, demands a trial by jury on all claims and causes of action to which it is entitled to a jury trial.

## FIRST SEPARATE AFFIRMATIVE DEFENSE

The Plaintiff does not state a cause of action that can be maintained against the named Defendant.

## SECOND SEPARATE AFFIRMATIVE DEFENSE

Defendant's actions were done innocently and Defendant did not act "willfully" as required by 15 U.S.C. § 1681n(a), as a matter of law, because ambiguity in the statutory language renders it incapable of willful violation.

## THIRD SEPARATE AFFIRMATIVE DEFENSE

Any damages allegedly sustained by the Plaintiff were the result of acts or condition which were not under the control of the Defendant.

## FOURTH SEPARATE AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of estoppel, release, waiver, unclean hands and/or assumption of risk.

### FIFTH SEPARATE AFFIRMATIVE DEFENSE

Plaintiffs and their claims fail to meet the necessary prerequisites for the maintenance of a class action.

### SIXTH SEPARATE AFFIRMATIVE DEFENSE

The Complaint, and the purported cause of action alleged therein, is barred, in whole or in apart, because Plaintiff and any purported class members have not suffered any injury, nor do they allege that they have, by reason of any act or omission alleged in the Complaint to have been committed by Defendant.

### SEVENTH SEPARATE AFFIRMATIVE DEFENSE

Any claim for punitive damages is barred because the alleged acts or omissions of Defendant fail to rise to the level required to sustain an award of punitive damages, they do not evidence a malicious, reckless, or fraudulent intent to deny any protected rights, and the are not so wanton or willful as to support an award of punitive damages.  Any such claim is also barred to the extent that is seeks an amount so excessive as to violate Defendant's right to due process.

### EIGHTH SEPARATE AFFIRMATIVE DEFENSE

Defendant acted reasonably and with due care at all times, and in good faith and without malice.

### NINTH SEPARATE AFFIRMATIVE DEFENSE

The Plaintiff's Claim should be dismissed in its entirety as Defendant owned no duty to the Plaintiff.

**TENTH SEPARATE AFFIRMATIVE DEFENSE**

Defendant reserves the right to amend its answer and to assert additional defenses and/or supplement, alter or change upon revelation of more definitive facts during and/or upon the completion of discovery and investigation.

        NICOLL DAVIS & SPINELLA, LLP
        Attorneys for Defendant,
        A & B RESTAURANT GROUP, LLC,
        improperly plead as BENJAMIN STEAKHOUSE,


BY: /s/ *Jack T. Spinella*
      JACK T. SPINELLA


Dated:  March 3, 2008

## CERTIFICATION OF SERVICE

I, Jack T. Spinella, do hereby certify that I am over the age of 18 and not a party to this action and that on the 3rd day of March, 2008, I did cause to be served a true and correct copy of Defendant's Answer via electronic filing on:

| | |
|---|---|
| Donald R. Lomax, Esq.<br>Donald R. Lomax, P.C<br>386 Park Avenue South, Suite 901<br>New York, NY 10016<br>(212)-682-7704 | Anthony G. Barone, Esq.<br>Barone & Jenkins, P.C.<br>635 Butterfield Road<br>Suite 145<br>Oakbrook Terrace, IL 60181<br>(630) 472-0037 |

David Jenkins, Esq.
Barone & Jenkins, P.C.
635 Butterfield Road
Suite 145
Oakbrook Terrace, IL 60181
(630) 472-0037

I declare under penalty of perjury that the foregoing is true and correct. Executed at New York, New York, this 3rd day of March, 2008.

/s/ *Jack T. Spinella*