IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVIN FRANK,<br>Individually and on behalf of a class,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN STEAKHOUSE<br><br>Defendant. | Case No. 07 CV 11419 (JSR)<br>Judge Rakoff |

### PLAINTIFF'S INTERROGATORIES

NOW COMES the Plaintiff, Marvin Frank ("Frank"), individually and on behalf of a class, by and through his attorneys, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby propounds the following Interrogatories on the Defendant to be answered under oath in the time and manner prescribed by Rule 33.

### DEFINITIONS

As used herein, the words and phrases set forth below shall have the following meanings prescribed for them:

1. "Person" means, unless otherwise specified, any natural person, firm, Entity, government or government agency of any nature or type.

2. "Defendant" "You," or "Your" refers to defendant Benjamin Steakhouse, in the above-captioned matter, including, but not limited to, any Person acting under the control of or on behalf of You, and any and all subsidiaries, affiliates, employees, officers, principals, agents, counsel or attorneys of You.

3. "FACTA" means the Fair and Accurate Credit Transactions Act of 2003

amending the Fair Credit Reporting Act.

4. "Document" means and refers to any kind of printed, recorded, written, graphic, photographic, magnetic, or electronic matter (including, without limitation, electronic mail, audio and/or video tape recordings and material for computer use), however printed, produced or reproduced, coded, or stored, of any kind or description, whether or not sent or received, including all originals, copies, reproductions, facsimiles, drafts, and both sides thereof, and includes, without limitation, any other writing as defined by Federal Rule of Civil Procedure 34(a). A draft or a non-identical copy is a separate Document within the meaning of this term.

5. "Communications" means any transmission of information from one Person to another by any means, including, without limitation, by e-mail, facsimile, hard copy or digital transmission.

6. "Concerning" means relating to, referring to, describing, evidencing or constituting.

7. The term "Identify," when used with respect to Persons, means to give, to the extent known, the Person's full name, present or last known address, and (i) when referring to a natural person, additionally, give the present or last known place of employment; or (ii) when referring to an Entity, additionally, list the Entity's executive officers and a summary of its business purpose. Once a Person has been identified in accordance with this subparagraph, only the name of that Person need be listed in response to subsequent discovery requesting the identification of that Person.

8. The use of the singular shall be construed to include the plural and use of the

plural shall be construed to include the singular.

9. "And" and "or" shall be construed disjunctively and conjunctively, whichever makes the request more inclusive.

## TIME PERIOD

The relevant time period, unless otherwise indicated, shall be from December 1, 2004 to the present, and shall include all documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received before or after that period.

## INSTRUCTIONS

1. In answering the following interrogatories, provide all information in Your possession, custody, or control, including but not limited to, information known to Your counsel, agents, and all other Persons acting on Your behalf.

2. In answering the interrogatories, a request for the "basis for . . . statement(s)" means to:

(a) Identify every Person or organization who contributed to the statement(s) expressed; and

(b) Identify all Communication(s) supporting the statement(s) in any way, including the date and place thereof, the identity of each Person who participated in, or who was present during any part of or all of said Communication(s) (by telephone, electronic means, or in person), and the purpose, content, and substance of said Communication(s).

3. In answering the following interrogatories, provide all information in Your

possession, custody, or control, including by not limited to, information known to Your counsel, agents, and all other Persons acting on Your behalf.

4. If any of the following interrogatories cannot be answered fully and completely, answer such interrogatories to the extent possible, specify the reasons why such interrogatories cannot be answered fully and completely, and state whatever information or knowledge You possess concerning the unanswered portions thereof. If You can reasonably estimate in place of the unknown information, also set forth Your best estimate, clearly designated as such, and describe the basis upon which the estimate is made.

5. If You claim that there is any ambiguity in any of the following interrogatories or in a definition or instruction applicable thereto, set forth as part of Your response the language deemed to be ambiguous and the interpretation used in responding to the particular interrogatory.

6. If You object to any of the following interrogatories in whole or in part, please state fully the grounds of such objection and Identify any Person, Document or Communication upon which You rely in support of such objection. If You object only to a portion of an interrogatory, in addition to the foregoing, please answer fully the portion of the interrogatory to which no objection is made.

7. If You object to any of the following interrogatories in whole or in part based upon a claim of privilege, state the privilege and claimed basis for the claim, state the date of the Document or Communication, identify the drafters of the Document or communicators, and state the subject matter of the Document or Communication. If only a

portion of the information requested by an interrogatory is claimed to be privileged, please answer fully the portion of the interrogatory as to which no privilege is asserted.

8.  Each paragraph herein shall be construed independently and not by reference to any other paragraph for the purpose of limitation.

## **INTERROGATORIES**

1.  Identify the name, residence and business address, and telephone number of the person or persons answering these Interrogatories, or supplying information to assist in the answering of these Interrogatories.

**ANSWER:**



2.  Identify the name, business address and telephone number of all people with knowledge of the Defendant's recordkeeping, documentation, or document retention relative to credit or debit card transactions, including recordkeeping, documentation, or document retention relating to receipts issued at the point of sale to cardholders in connection with credit or debit card transactions for the Defendant.

**ANSWER:**



3.  Was the Defendant aware of the Fair and Accurate Credit Transaction Act ("FACTA") Amendment to the Fair Credit Reporting Act ("FCRA"), and/or the requirements relating to the truncation of credit and/or debit card numbers and the removal of expiration dates from receipts? If so, please state:

  (a)  The date on which Defendant became aware of such information; and

  (b)  The manner in which the Defendant became aware of the requirements.

**ANSWER:**


4. Did the Defendant receive any communications, brochures, documents or other material from Visa Card, MasterCard, and/or American Express relating to FACTA or any other requirements and/or requests for the truncation of credit and/or debit card numbers and the removal of expiration dates from receipts? If so, please state the dates you received such communication, brochures, documents or other material and identify what information was received (or produce copies).

**ANSWER:**


5. Identify and describe all steps and/or actions taken by the Defendant to determine its obligations under FACTA.

**ANSWER:**


6. Identify and describe in all steps and/or actions taken by the Defendant to comply with FACTA and/or the requirements relating to the truncation of card numbers and removal of expiration dates from receipts, including the specific changes made to its systems or software for processing credit or debit card transactions, if any.

**ANSWER:**

7.      Identify and describe all acts or steps taken by Defendant to confirm that its steps and/or actions were successful in bringing its credit or debit card processing equipment into compliance with FACTA, specifying exactly how the Defendant checked whether its credit or debit card receipts were printing more than the last 5 digits of a credit or debit and number or were printing expiration dates.

**ANSWER:**


8.      From December 2006 to the present, did the Defendant (either itself or through a third-party) service or examine its credit card processing equipment and/or software, or otherwise check their compliance with FACTA, and if so, how often?

**ANSWER:**


9.      Identify the date, if any, that Defendant ceased printing credit or debit card receipts that included more than the last 5 digits of a credit or debit card number or included the expiration dates of the credit or debit cards.

**ANSWER:**


10.     Identify the number of credit card and debit card transactions Defendant had between December 4, 2006 and the date(s) identified in response to Interrogatory No. 9.

**ANSWER:**

11. Identify the name, business address, and telephone number of the Defendant's credit card or debit card processor.

**ANSWER:**


12. Identify the name, business address, and telephone number of any person or entity connected with the maintenance of Defendant's credit card processing equipment, software, and/or receipts and with Defendant's compliance with FACTA, including any third-party who Defendant claims was responsible for ensuring its processing equipment, software, and/or receipts complied with FACTA.

**ANSWER:**


13. Identify the name, business address, and telephone number of any person or entity who provided Defendant with advice, systems, software, or any other assistance in connection with Defendant's compliance with FACTA.

**ANSWER:**


14. Identify the name and address of all persons to whom Defendant issued receipts which displayed: (a) more than the last five numbers of the cardholder's credit or debit card number; (b) the expiration date of the cardholder's credit or debit card; and/or (c) both (a) and (b).

**ANSWER:**

15. Identify the name and address of all persons who have received credit or debit card receipts from the Defendant during the relevant time period, and/or produce documents from which this information can be obtained. If Defendant claims it cannot provide the identities of the persons to whom it issued receipts, identify where such information can be obtained.

**ANSWER:**

Respectfully submitted,

**DONALD R. LOMAX, P.C.**

By: _____
Donald R. Lomax
386 Park Avenue South
New York NY 10016
Tel. (212) 682 7704

**BARONE & JENKINS, P.C.**
Anthony G. Barone (ARDC No. 06196315)
David M. Jenkins (ARDC No. 6211230)
635 Butterfield Road, Suite 145
Oakbrook Terrance, Illinois 60181
Tel. (630) 472-0037

*Attorneys for Plaintiff and the Class*

TO:   **NICOLL DAVIS & SPINELLA LLP**
      Jack T. Spinella, Esq.
      250 Park Avenue, Suite 1500
      New York, New York 10177
      Tel. (212) 972-0786

      *Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARVIN FRANK,
Individually and on behalf of a class,

                    Plaintiff,

v.

BENJAMIN STEAKHOUSE,

                    Defendant.

Case No. 07 CV 11419 (JSR)
Judge Rakoff

AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                            ):ss.
COUNTY OF NEW YORK  )

SARAH ANN RODGERS, being duly sworn, deposes and says:

1. Deponent is not a party to this proceeding, is over 18 years of age and resides at New York, New York.

2. On March 12, 2008, Deponent served the within PLAINTIFF'S INTERROGATORIES upon:

      Nicoll Davis & Spinella LLP
      250 Park Avenue, Suite 1500
      New York, NY 10177

by first class mail, by depositing a true copy of same in a post-paid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                     SARAH ANN RODGERS

Sworn to before me this
12th day of March 2008.

_____
Notary Public

DONALD R. LOMAX
Notary Public, State of New York
No. 36-4677878
Qualified in Orange County
My Commission Expires May 31, 2010