IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVIN FRANK, ) | |
| Individually and on behalf of a class, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07 CV 11419 (JSR) |
| v. ) | Judge Rakoff |
| ) | |
| BENJAMIN STEAKHOUSE ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S REQUEST FOR PRODUCTION

NOW COMES the Plaintiff, Marvin Frank, individually and on behalf of a class, by and through his attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, and hereby requests that the Defendant produce the following documents in the time and manner prescribed by Rule 34.

## DEFINITIONS

1. "Document" or "documents" shall have the broadest meaning permitted under Rule 34(a) of the Federal Rules of Civil Procedure and includes, without limitation, any writing or tangible thing of any kind, as well as any other means by which information is recorded or transmitted, including, but not limited to, audio or video tape recordings, electronic mail ("e-mail"), web pages, microfilms, photographs, charts, drawings, graphs, punch cards, computer diskettes, CD-ROMs, digital video discs ("DVDs"), computer programs, word processing files, printouts, data processing records and the written information necessary to understand and use such material. The term "document" or "documents" shall also include any data or information that is stored electronically or in a computer, whether or not reduced to printed form. A draft or non-identical copy of any document is a separate document within the meaning of this term.

2. "You", "Your", "Defendant", or the "Company" means Benjamin Steakhouse and/or any entity owning said restaurant, and any of its present or former corporate parents, subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, joint ventures, boards of directors or committees thereof, present and former officers, directors, employees, representatives, agents, (including, without limitation, its attorneys, accountants, auditors, and advisors), and all other persons acting, purporting to act, or authorized to act on its behalf.

3. "Complaint" means the Complaint filed on December 20, 2007, including any and all amended complaints.

4. "FACTA" means the Fair and Accurate Credit Transactions Act of 2003 amending the Fair Credit Reporting Act.

5. "Meeting" means the contemporaneous presence, whether in person or through means of any form of telecommunications, of any natural persons, whether or not such presence was by chance or prearranged, and whether or not the meeting was formal or informal or occurred in connection with some other activity, including, but not limited to sales training session, in-person meeting, teleconference, telephone conversation, voice mail, and sales conference.

6. "Policy" means any rule, procedure, practice or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded, which was recognized or followed, explicitly or implicitly.

7. In construing this Request: (a) whenever appropriate herein, the singular form of a word shall be interpreted as its plural, and the plural shall include the singular; (b) the words "and" and "or" also have the meaning "and/or" and will be so as to bring within the scope of this request all information which might otherwise be construed to be outside the scope; (c) the word

"any" will be read to mean "each and every"; (d) the terms "evidence," "indicate," "refers," "relating to" or "relates" (and derivatives thereof) include directly or indirectly mentioning, discussing or describing, referring to, sharing, concerning, analyzing, reflecting or constituting, evidencing or pertaining to or being connected with, a stated subject matter; and (e) terms referring to a gender shall include all genders.

## INSTRUCTIONS

1. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, documents shall be produced as they are kept in the usual course of business or the documents shall be organized and labeled to correspond to the categories in the requests.

2. If a document was prepared in several copies, or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of the document, such non-identical copies must be produced. Moreover, the fact that a document has been or shall be produced by one defendant or entity does not relieve any other defendant or entity from the obligation to produce his, her or its copy of the same document, even if the two documents are identical in all respects.

3. This request is continuing so as to require supplemental production pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. If you or any person acting on your behalf obtains varying or additional documents called for by the request(s) between the time of the original response and the time set for trial, notice of the availability of supplemental documents shall be served on plaintiffs' counsel no later than thirty (30) days after the discovery of any such documents, but in no event later than one week before the first day of trial.

4.   Documents must be produced in full; documents redacted on the grounds of relevance will not constitute compliance with this request.

5.   You are required to produce the original of each document responsive to this request together with all non-identical copies and drafts of that document in your possession.

6.   If any document is withheld, in whole or in part, for any reason, including, but not limited to, any claim of work-product or other privilege, set forth, in a privilege log, separately for each such document: (a) the nature of the privilege asserted; (b) the type of document; (c) the author(s) of the document; (d) the location/address of the document; (e) all persons who received copies of the document; (f) the date of the document; and (g) a brief description of the general subject matter of the document.

7.   If any document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible.

8.   You are required to produce all the requested documents in your possession, custody or control, including (by way of illustration only and not limited to) documents in the possession, custody or control of your affiliates, or merged and acquired predecessors and your present and former directors, officers, partners, employees, accountants, attorneys or other agents, as well as your present and former independent contractors over which you have control, and any other person acting on your behalf.

9.   If any document responsive to this request is no longer in your possession, set forth separately for each such document: (a) the type of document; (b) the author(s) of the document; (c) the location/address of the document; (d) all persons who received copies of the document; (e) the date of the document; (f) a brief description of the document; (g) the current or

last known custodian of the document; (h) the circumstances surrounding its disposition from your possession or control.

10. In your response to each request, identify by Bates Number or otherwise the identity of the person, department or division from whose files the document(s) is being produced.

11. Any documents that must be removed from their original folders, binders, covers or containers to be produced shall be identified in a manner so as to clearly specify where such documents originated.

12. The scope of your search for electronic data that is responsive to any document request shall include all forms of electronic data collection, preservation, transmission, communication and storage, including:

    (a) All data generated and maintained in the ordinary course of business, including data stored on mainframe computers or local and network computers;

    (b) Distributed data or removable data, *i.e.*, information which reside on portable media and non-local devices, including home computers, laptop computers, magnetic or floppy discs, CD-ROMs, DVDs, zip drives, Internet repositories including e-mail hosted by Internet service providers, handheld storage devices such as personal digital assistants ("PDAs"), Blackberry devices, cellular telephones and flash memory drives;

    (c) Forensic copy of backup data, including archive and backup data tapes and discs;

(d) Network data, including voice mail systems, e-mail servers, ISP servers, network servers, and fax servers;

(e) Legacy data, *i.e.*, retained data that have been created or stored by the use of software or hardware that has been rendered outmoded or obsolete;

(f) Metadata, *i.e.*, information regarding a particular data set which describe how, when and by whom it was collected, created accessed and modified and how it is formatted; and

(g) Residual or deleted data, *i.e.*, data that are not active on a computer system, including data found on media free space, data found on media slack space and data within files that have been functionally deleted.

13. Any electronic data that are responsive to any request herein shall be produced in its native format or original electronic form, without alteration or modification, except where such electronic data has been encrypted or otherwise protected from third party access, in which case the producing party shall, to the fullest extent possible, de-crypt or unlock such files or data to allow access by third parties. In addition to producing in native or original electronic form, to the extent that you have any specialized software that will allow such electronic data to be translated into usable form, such translated data should be produced as well.

## **RELEVANT TIME PERIOD**

The relevant time period of these document requests, unless otherwise indicated, shall be from December 1, 2004 through the present date, inclusive, and shall include all documents and information relating in whole or in part to such period, or to events and circumstances during such period, even though dated, prepared, generated or received prior to or after that period.

## DOCUMENT REQUESTS

1. All documents reflecting or relating to the steps and/or actions taken by the Defendant to determine its obligations under FACTA.

2. All documents reflecting or relating to the steps and/or actions taken by the Defendant to comply with FACTA and/or the requirements relating to the truncation of card numbers and removal of expiration dates from receipts.

3. All documents reflecting or relating to the acts or steps taken by Defendant to confirm that its was successful in bringing its credit or debit card processing equipment into compliance with FACTA.

4. All communications, brochures, documents or other material from Visa Card, MasterCard, and/or American Express relating to FACTA or any other requirements and/or requests for the truncation of credit and/or debit card numbers and the removal of expiration dates from receipts.

5. All non-privileged communications between the Defendant and any third-party regarding its compliance with FACTA.

6. All reports or documents showing the daily transaction activity for each electronic or mechanical method for recording credit or debit card transactions for Defendant.

7. All contracts or agreements with third-parties with respect to the servicing, updating, maintenance, or other services relating to the systems and/or software used for processing credit or debit card transactions.

8. All policies of insurance issued to Defendant and/or potentially providing coverage relative to the present case and covering the time frame from December 6, 2006 to the present, including without limitation all Commercial General Liability Insurance Policies,

Directors and Officers Liability Coverage, or other relevant insurance policies, including any excess policies.

9. All correspondence or other documents exchanged between it and any insurer relative to coverage or non-coverage of the claims at issue.

10. All documents concerning any policies or procedures of the Company with respect to the retention or destruction of documents, including, but not limited to, electronic data and e-mail.

Respectfully submitted,

DONALD R. LOMAX, P.C.

By: _____
Donald R. Lomax
386 Park Avenue South
New York  NY  10016
Tel. (212) 682 7704

**BARONE & JENKINS, P.C.**
Anthony G. Barone (ARDC No. 06196315)
David M. Jenkins (ARDC No. 6211230)
635 Butterfield Road, Suite 145
Oakbrook Terrance, Illinois 60181
Tel. (630) 472-0037

*Attorneys for Plaintiff and the Class*

TO:  **NICOLL DAVIS & SPINELLA LLP**
Jack T. Spinella, Esq.
250 Park Avenue, Suite 1500
New York, New York 10177
Tel. (212) 972-0786

*Attorneys for Defendant*

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARVIN FRANK,
Individually and on behalf of a class,

        Plaintiff,

v.

BENJAMIN STEAKHOUSE,

        Defendant.

Case No. 07 CV 11419 (JSR)
Judge Rakoff

AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                            ):ss.
COUNTY OF NEW YORK  )

      SARAH ANN RODGERS, being duly sworn, deposes and says:

      1.    Deponent is not a party to this proceeding, is over 18 years of age and resides at New York, New York.

      2.    On March 12, 2008, Deponent served the within PLAINTIFF'S REQUEST FOR PRODUCTION upon:

            Nicoll Davis & Spinella LLP
            250 Park Avenue, Suite 1500
            New York, NY 10177

by first class mail, by depositing a true copy of same in a post-paid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                                SARAH ANN RODGERS

Sworn to before me this
12th day of March 2008.

Notary Public

DONALD R. LOMAX
Notary Public, State of New York
No. 36-4677878
Qualified in Orange County
My Commission Expires May 31, 2010