IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVIN FRANK,<br>Individually and on behalf of a class,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN STEAKHOUSE<br><br>Defendant. | )<br>)<br>)<br>)<br>) Case No. 07 CV 11419 (JSR)<br>) Judge Rakoff<br>)<br>)<br>)<br>) |

### PLAINTIFF'S RULE 26(a)(1) DISCLOSURES

NOW COMES the Plaintiff, Marvin Frank ("Frank"), by and through his attorneys, and hereby makes the following initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure:

1. The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claim or defenses, unless solely for impeachment, identifying the subjects of the information:

   Marvin Frank
   (May be contacted through counsel)

   (Subjects: Circumstances surrounding and information relating to receipt received by him at defendant's restaurant on or around September 25, 2007 and related information).

   Officers, Agents, for Employees of Benjamin Steakhouse

   (Subjects: Information relating to defendant's policies, procedures and practices relating to compliance with the Fair Credit Reporting Act and Fair and Accurate Credit Transactions Act; information relating to the receipt plaintiff received; information relating to any third-parties who may be involved in updating, maintenance, and/or other services related to the credit card machines used to issue receipts; defendant's knowledge of the requirements of 15 U.S.C. §1681c(g), the Fair Credit Reporting Act and the Fair and Accurate Credit

Transactions Act generally; defendant's electronic or computer equipment that prints credit or debit card receipts, and software for such equipment; maintenance, inspection or testing of the hardware and software; defendant's relationship with any company which processes credit or debit card transactions for defendant; the identity of all businesses who are or were suppliers of hardware and software for defendant for the electronic printing of credit and debit card receipts; and the role that any such business may have had in the production of receipts that go on provided to plaintiff or the compliance with the Fair Credit Reporting Act and the Fair and Accurate Credit Transactions Act).

Other unknown third-party, persons and/or entities

(Subjects: To the extent that there are other persons or entities who may have expertise in point of sale systems and legal requirements for providing the necessary systems and software for compliance with federal laws who may have been providing assistance to defendant, such persons and/or entities may also have relevant information relative to those circumstances).

2. A copy of, or a description by category and location of, all documents, data, compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

A copy of the receipt at issue in this litigation will be provided to defendant with the understanding that it would be used solely for purposes of this litigation and will remain confidential protected from disclosure to other parties, as it contains unredacted personal information of plaintiff.

3. A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials hearing on the nature and extent of injuries suffered:

Plaintiff is seeking for himself and a class of individuals similarly situated, statutory and punitive damages provided by 15 U.S.C. §1681n, attorney's fees, litigation expenses, costs of suit, and any other appropriate relief, including the statutory damages of between $100 to $1,000 per violation.

4.  For inspection and copying as under Rule 34 any insurance agreement under which any person carrying out an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:

N/A

Respectfully submitted,

**DONALD R. LOMAX, P.C.**

By: /s/ Donald R. Lomax
Donald R. Lomax
386 Park Avenue South
New York NY 10016
Tel. (212) 682 7704

**BARONE & JENKINS, P.C.**
Anthony G. Barone (ARDC No. 06196315)
David M. Jenkins (ARDC No. 6211230)
635 Butterfield Road, Suite 145
Oakbrook Terrance, Illinois 60181
Tel. (630) 472-0037

*Attorneys for Plaintiff and the Class*

TO:  NICOLL DAVIS & SPINELLA LLP
Jack T. Spinella, Esq.
250 Park Avenue, Suite 1500
New York, New York 10177
Tel. (212) 972-0786

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARVIN FRANK,
Individually and on behalf of a class,

                Plaintiff,

v.

BENJAMIN STEAKHOUSE,

                Defendant.

Case No. 07 CV 11419 (JSR)
Judge Rakoff

AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                               ):ss.
COUNTY OF NEW YORK  )

       SARAH ANN RODGERS, being duly sworn, deposes and says:

       1.    Deponent is not a party to this proceeding, is over 18 years of age and resides at New York, New York.

       2.    On March 12, 2008, Deponent served the within PLAINTIFF'S RULE 26(a)(1) DISCLOSURES upon:

               Nicoll Davis & Spinella LLP
               250 Park Avenue, Suite 1500
               New York, NY 10177

by first class mail, by depositing a true copy of same in a post-paid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                                   SARAH ANN RODGERS

Sworn to before me this
12th day of March 2008.

Notary Public

DONALD R. LOMAX
Notary Public, State of New York
No. 36-4677878
Qualified in Orange County
My Commission Expires May 31, 2010