NICOLL DAVIS & SPINELLA LLP
250 Park Avenue, Suite 1500
New York, New York 10177
(212) 972-0786
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVIN FRANK, Individually and On Behalf of a Class<br><br>               Plaintiff,<br><br>v.<br><br>BENJAMIN STEAKHOUSE,<br><br>               Defendants | CIVIL ACTION NO. 07-CV-11419 (JSR)<br><br>HONORABLE JED S. RAKOFF |

### A & B RESTAURANT GROUP, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

**PLEASE TAKE NOTICE** that pursuant to Fed. R. Civ. P. 33, Defendant, A & B RESTAURANT GROUP, LLC, improperly plead as BENJAMIN STEAKHOUSE, ("Defendant") requests that Plaintiff, Marvin Frank furnish answers to the following interrogatories within thirty (30) days from the date of service hereof pursuant to Fed. R. Civ. P. 33. These interrogatories are continuing in nature and require supplemental answers as provided by Fed. R. Civ. P. 26(e).

## **DEFINITIONS AND INSTRUCTIONS**

1. "Document" means all materials within the scope of Fed. R. Civ. P. 34.

2. "Benjamin" means defendant in this action namely, A & B RESTAURANT GROUP, LLC, including its employees, agents, representatives, officers, servants or any person acting for or on their behalf.

3. "Identify" means to give the full name and last known address and telephone number of the person to be identified. As it relates to documents, the term "identify" means to state the date of the document; to identify the author, recipient, and all persons receiving copies of the document; to describe the nature of the document; and to identify the present custodian of the document.

4. "Substantiate" or "Explain" means to set forth in detail and with specificity the facts upon which you rely in making a contention or allegation and to identify the documents and witnesses upon which you rely.

5. "You" or "your" means the party answering the interrogatories and all agents, employees, representatives, insurers or attorneys, and other persons or entities acting on his behalf.

6. "FACTA" means the Fair and Accurate Credit Transaction Act of 2003 amending the Fair Credit Reporting Act.

7. If any information, communication or documents responsive to any of the following interrogatories are withheld for any reason, describe generally the substance or subject matter of the information, identify the document withheld, and state the privilege or other basis upon which any response was withheld.

## **INTERROGATORIES**

1. Identify the name, residence and business address and telephone number of the person or persons answering these Interrogatories, or supplying information to assists the answering of these Interrogatories.

2. State whether you have been a party to any other litigation, if so: If so, provide the caption of the litigation, the name and address of all the parties, the substance and nature of the litigation, whether the case was a class action, whether the case involved claims and allegations relating to FACTA, the outcome of the litigation and the identity of the tribunal or administrative agency in which the same was pending.

3. Identify your current employer and state how long you have been employed by that employer.

4. What is your personal or business relationship to the attorneys representing you in this case?

5. Were you ever employed by, or have a financial interest in the firm representing you? If so, explain.

6. How often have you dined or been a customer of Benjamin's restaurant in the past year?

7. Did someone suggest to you that you should buy something at Benjamin's restaurant because it would give you a receipt which was not in compliance with the law? If so, explain.

8. Did anyone suggest to you, before you went to Benjamin's restaurant on the occasion alleged in the Complaint that you should be on the lookout for receipts which printed more than five digits of your account number or which displayed the card's expiration date?

3

9. Do you normally keep receipts? If so, (a) for what purpose do you keep receipts; (b) for how long do you keep receipts; (c) where do you keep your receipts; (d) why did you keep the receipt that is the subject of this litigation?

10. Did you immediately notice that the receipt showed your card's expiration date, or did you first notice this later; if you noticed it later: (a) when did you notice that card's expiration date was printed on the receipt; (b) why did you go back and look at it again?

11. Have you ever visited or dined at Benjamin Steakhouse since the date of the subject receipt to determine if any subsequent receipts deleted the card expiration date? If so, explain.

12. When did you first learn that retailers were supposed to limit consumer's credit or debit card information shown on receipts?

13. How did you learn about FACTA?

14. What did you learn about FACTA?

15. Have you received any solicitation from any attorney or law firm to participate in a lawsuit to enforce the truncation requirement of FACTA? If so, explain.

16. Are you acquainted with anyone else who is a FACTA plaintiff? If so, explain.

17. Have you received any compensation or received any promises from anybody for agreeing to act as a plaintiff? If so, explain.

18. Do you claim that you have incurred any actual damages as the result of Benjamin printing your card expiration date on your receipt? If so, explain.

19. Have you checked any receipts from any other merchant to determine whether they were complying with the truncation requirement of FACTA? If so, state the dates, which merchants, and whether you have initiated, or plan to initiate litigation.

20. Do you believe that Benjamin's printing of your card's expiration date on your receipt led to any credit card fraud of identity theft? If so, explain.

21. What facts are you aware of to prove that Benjamin intentionally or recklessly failed to comply with FACTA truncation requirements?

22. Do you know when and how any credit/debit card companies notified Benjamin of FACTA's requirements? If so, explain.

23. Describe any written communications you received from your attorneys before you obtained the receipt from Benjamin that relates to this litigation.

24. Identify all persons having knowledge of facts relevant to the subject matter of this litigation and describe in detail the extent and nature of their knowledge.

            NICOLL DAVIS & SPINELLA, LLP
            Attorneys for Defendant,
            A & B RESTAURANT GROUP, LLC,
            improperly plead as BENJAMIN STEAKHOUSE,

BY: /s/ *Jack T. Spinella*
     JACK T. SPINELLA

Dated: March 19, 2008

NICOLL DAVIS & SPINELLA LLP
250 Park Avenue, Suite 1500
New York, New York 10177
(212) 972-0786

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVIN FRANK,<br>Individually and On Behalf of a Class,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BENJAMIN STEAKHOUSE,<br><br>　　　　　　　　　　Defendant. | CIVIL ACTION NO. 07-CV-11419 (JSR)<br><br>HONORABLE JED S. RAKOFF<br><br>**AFFIDAVIT OF SERVICE** |

STATE OF NEW JERSEY      )
                         ):ss
COUNTY OF BERGEN         )

　　JENNIFER F. DISENA, being duly sworn, deposes and says:

　　1.　　Deponent is not a party to this proceeding, is over 18 years of age and resides at Bergen County, New Jersey.

　　2.　　On March 19, 2008, Deponent served the within DEFENDANT'S FIRST SET OF INTERROGATORIES and DEFENDANT'S FIRST REQUEST FOR PROUDCTION OF DOCUMENTS upon:

| | |
|---|---|
| Donald R. Lomax, Esq.<br>Donald R. Lomax, P.C.<br>386 Park Avenue South, Suite 901<br>New York, NY 10016 | Anthony G. Barone, Esq.<br>Barone & Jenkins, P.C.<br>635 Butterfield Road<br>Suite 145<br>Oakbrook Terrace, IL 60181 |

by electronically and first class mail, be depositing a true copy of same in a post-paid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New Jersey.

*Jennifer J. DiSena*
JENNIFER F. DISENA

Sworn to before me this
19th day of March 2008.

*Steven C. DePalma*
Steven C. DePalma
Attorney at Law
State of New Jersey