AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### Southern District of New York

MARVIN FRANK, individually and on behalf of a class

V.

A&B RESTAURANT GROUP, LLC, d/b/a Benjamin Steakhouse

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07 CV 11419 (JSR)

TO: Custodian of Records
Retail Automation Products
45 West 38th Street
New York, NY 10018

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See annexed rider

| PLACE | DATE AND TIME |
| --- | --- |
| Donald R. Lomax, P.C.<br>386 Park Avenue South, Suite 901, New York, NY 10016 | 5/7/2008 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature] Attorney for Plaintiff | 4/14/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Donald R. Lomax, 386 Park Avenue South, Suite 901, New York, NY 10016
(212) 682-7704

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 4/14/2008 | 45 West 38th Street, New York, NY 10018 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Custodian or Records, Retail Automation Products | Certified Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Donald R. Lomax | Attorney for Plaintiff |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    4/14/2008
               DATE

SIGNATURE OF SERVER

386 Park Avenue South
ADDRESS OF SERVER

New York, NY 10016

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# RIDER

## DEFINITIONS.

1. "Document" or "documents" shall have the broadest meaning permitted under Rule 34(a) of the Federal Rules of Civil Procedure and includes, without limitation, any writing or tangible thing of any kind, as well as any other means by which information is recorded or transmitted, including, but not limited to, audio or video tape recordings, electronic mail ("e-mail"), web pages, microfilms, photographs, charts, drawings, graphs, punch cards, computer diskettes, CD-ROMs, digital video discs ("DVDs"), computer programs, word processing files, printouts, data processing records and the written information necessary to understand and use such material. The term "document" or "documents" shall also include any data or information that is stored electronically or in a computer, whether or not reduced to printed form. A draft or non-identical copy of any document is a separate document within the meaning of this term.

## DOCUMENTS TO PRODUCE.

Please produce the following documents as they are kept in the usual course of business by you, any office or practice in which you work, or by anyone else who has possession of such documents at your direction:

1. All invoices or billing statements for A&B Restaurant Group, LLC, d/b/a Benjamin Steakhouse for the time period January 1, 2006 to present, including all documents enclosed with such invoices or billing statements.

2. All documents reflecting or relating to communications with, or documents exchanged between (such as brochures, notices, etc.), A&B Restaurant Group, LLC, d/b/a Benjamin Steakhouse, at any time, relating to the Fair and Accurate Credit Transactions Act of 2003 amending the Fair Credit Reporting Act, and/or relating to truncating credit or debit card numbers on credit or debit card receipts and/or relating to the removal or printing of credit or debit card expiration dates on receipts.

3. All documents or communications reflecting procedures and steps taken by Retail Automation Products and/or A&B Restaurant Group, LLC, d/b/a Benjamin Steakhouse to ensure compliance with the Fair and Accurate Credit Transactions Act of 2003 amending the Fair Credit Reporting Act.

4. All documents or communications reflecting reliance by A&B Restaurant Group, LLC, d/b/a Benjamin Steakhouse on Retail Automation Products or anyone else to ensure compliance with the Fair and Accurate Credit Transactions Act of 2003 amending the Fair Credit Reporting Act.

5. All documents relating to the hardware and/or software purchased and/or in place between December 4, 2006 and the present for A&B Restaurant Group, LLC, d/b/a Benjamin Steakhouse.

6. Any and all contracts or agreements with A&B Restaurant Group, LLC, d/b/a Benjamin Steakhouse.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVIN FRANK,<br>Individually and on behalf of a class,<br><br>                     Plaintiff,<br><br>    v.<br><br>A&B RESTAURANT GROUP, LLC,<br>d/b/a BENJAMIN STEAKHOUSE,<br><br>                     Defendant. | Case No. 07 CV 11419 (JSR)<br>Judge Rakoff<br><br>AFFIDAVIT OF SERVICE |

STATE OF NEW YORK    )
                                 ):ss.
COUNTY OF NEW YORK  )

        DONALD R. LOMAX, being duly sworn, deposes and says:

        1.    Deponent is not a party to this proceeding, is over 18 years of age and resides at New York, New York.

        2.    On April 14, 2008, Deponent caused to be served the within SUBPOENA IN A CIVIL CASE upon Custodian Records, Retail Automation Products, 45 West 38th Street, New York, NY 10018 by certified mail, return receipt requested by depositing a true copy of same in a post-paid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                                         DONALD R. LOMAX

Sworn to before me this
14th day of April 2008.

_____
Notary Public

SARAH A. RODGERS
Notary Public, State of New York
No. 01RO6173205
Qualified in New York County
Commission Expires Aug. 20, 2011