NICOLL DAVIS & SPINELLA LLP
250 Park Avenue, Suite 1500
New York, New York 10177
(212) 972-0786
Attorneys for Defendant/Third-Party Plaintiff



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVIN FRANK, Individually and On Behalf of a Class<br><br>           Plaintiff,<br><br>v.<br><br>A & B RESTAURANT GROUP LLC,<br>           Defendant.<br><br>A & B RESTAURANT GROUP LLC,<br>           Third-Party Plaintiff,<br><br>v.<br><br>RETAIL AUTOMATION PRODUCTS, INC.,<br>           Third-Party Defendant. | CIVIL ACTION NO. 07-CV-11419 (JSR)<br><br>HONORABLE JED S. RAKOFF<br><br>**THIRD-PARTY COMPLAINT** |

Defendant and Third-Party Plaintiff, A & B RESTAURANT GROUP LLC, ("A& B") by and through its attorneys, Nicoll Davis & Spinella LLP, submits this Third-Party Complaint against Third-Party Defendant, RETAIL AUTOMATION PRODUCTS, INC., ("RAP") pursuant to Fed. R. Civ. P. 14(a), and in support thereof alleges upon information and belief that:

**THE PARTIES**

1. Plaintiff, Marvin Frank, ("Plaintiff) is a resident of this district.

1

2.   Defendant/Third-Party Plaintiff, A & B RESTAURANT GROUP LLC, ("A&B") is a New York Limited Liability Company duly authorized to perform business in the State of New York.

3.   Third-Party Defendant, RETAIL AUTOMATION PRODUCTS, INC., ("RAP") is a New York Corporation, having its principal place of business at 45 West 38TH Street, Suite 203 1410 York Avenue, New York, New York.

## JURISDICTION AND VENUE

4.   A & B repeats and reiterates each and every of the preceding allegations as if set forth herein and at length.

5.   Plaintiff's underlying action is predicated on federal question jurisdiction. See Amended Complaint, ¶12 annexed hereto as **Exhibit A**.

6.   The Court has jurisdiction over the underlying action pursuant to 29 U.S.C. § 1331.

7.   The Court has jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. §§ 1331 and 1367(a).

8.   As a New York Corporation, RAP is subject to the personal jurisdiction of this Court.

9.   Venue is proper in the Southern District of New York because RAP does business here.

10.   Joinder of RAP as a third-party defendant in this action is appropriate pursuant to Fed. R. Civ. P. 14(a), in that the RAP is or may be liable to A & B for all or a part of any damages awarded to Plaintiff or the Plaintiff's class against A & B on the underlying claims asserted by Plaintiff.

## COUNT I – BREACH OF CONTRACT

11. A & B repeats and reiterates each and every of the preceding allegations as if set forth herein and at length.

12. Prior to this third-party action, Plaintiff, individually and on behalf of a class commenced an action against A & B to secure redress for an alleged violation of the Fair and Accurate Credit Transactions Act ("FACTA") as codified in 15 U.S.C. §1681(c)(g).

13. On or about August 15, 2007, RAP entered into a contract with A & B, (the "Contract") in which RAP agreed to provide service and support to A & B's credit/debit card processors for use in point of sale transactions in A & B's restaurant business.

14. Pursuant to the Contract, RAP was required to advise A & B about the requirements of FACTA and/or take actions necessary to ensure A & B was in compliance with FACTA requirements and all related legal requirements.

15. RAP failed to advise A & B about the requirements of FACTA and/or take actions necessary to ensure A & B was in compliance with FACTA requirements and all related legal requirements.

16. RAP breached the Contract through its failure to advise A & B about the requirements of FACTA and/or take actions necessary to ensure A & B was in compliance with FACTA requirements and all related legal requirements.

17. A & B has been damages as a result of RAP's breach of the contract in an amount to be determined at trial, including but not limited to the costs, expenses, disbursements, and attorneys' fees incurred in defending this litigation.

## COUNT II – INDEMNIFICATION

18. A & B repeats and reiterates each and every of the preceding allegations as if set forth herein and at length.

19. A & B denies any and all legal liability and responsibility for the acts alleged in the Complaint.

20. If A & B should be found liable to Plaintiffs herein, which liability is denied, said liability will only be secondary, passive, technical, vicarious, or imputed and the liability of RAP is active, direct and primary.

21. If it is found that A & B is liable to Plaintiff, then A & B is entitled to common law indemnification by and judgment over against the RAP for the full amount of such liability plus all costs, expenses, disbursements, and attorneys' fees incurred by A & B in defending this litigation.

## COUNT III – CONTRIBUTION

22. A & B repeats and reiterates each and every of the preceding allegations as if set forth herein and at length.

23. If the Plaintiff sustained any injuries or damages by reason of fault other than his own, and judgment is recovered therefore against A & B, then such recovery will have been brought about by reason of negligence and primary carelessness on the part of RAP, for all or any part of such judgment and in such amount as shall be determined ultimately at the trial of this action.

## COUNT III – FRAUD

24. A & B repeats and reiterates each and every of the preceding allegations as if set forth herein and at length.

25. In or about November 2007, RAP contacted A & B to advise them of a new software upgrade available to A & B's credit/debit card processors.

26. In response to this contact, A & B called RAP to request this software update.

27. RAP responded to A & B that the update would cost A & B thousands of dollars, when in truth and fact, the Contract imposed an obligation upon RAP to provide software updates to A & B.

28. RAP maliciously, knowingly, recklessly and intentionally misrepresented facts to A & B designed to induce its reliance thereon, and upon which EP reasonably, actually and justifiably relied, to its great detriment, suffering pecuniary and other losses.

29. RAP attempted to defraud A & B out of money they were not entitled to pursuant to the Contract.

30. Although disputing the fact that additional sums were owed, A & B relied upon RAP's fraudulent misrepresentation by disputing the issue with RAP.

31. As a result of RAP fraudulent misrepresentations, A & B did not receive the update it was entitled to and has suffered damages arising out of the Plaintiff's lawsuit.

### DEMAND FOR JUDGMENT

**WHEREFORE**, Third-Party Plaintiff, A & B requests the following relief against the Third-Party Defendant, RAP:

A. Judgment in favor of A & B and against the RAP for damages in the exact amount to be shown at trial hereof, together with costs, interest thereon, including reasonable attorneys' fees;

B.  Judgment in favor of A & B and against the RAP for all sums that may be adjudged against Defendant/Third-Party Plaintiff in favor of the Plaintiff herein together with interest and costs of suit;

C.  Contribution by and from RAP in the event that the Plaintiff recovers against A & B with respect to fault and damages between A & B and RAP and any and all other parties heretofore and hereafter brought into this action;

D.  Judgment in favor of A & B and against the RAP for damages, the exact amount to be shown at trial hereof, together with costs, interest thereon, including reasonable attorneys' fees;

E.  Judgment in favor of A & B and against the RAP for punitive damages; and

F.  For such further and additional relief as the Court deems just and proper.

NICOLL DAVIS & SPINELLA LLP
Attorneys for Defendant/Third-Party Plaintiff,
A & B RESTAURANT GROUP, LLC,

BY: _____
STEVEN C. DEPALMA

Dated: April 30, 2008

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVIN FRANK,<br>Individually and on behalf of a class,<br><br>Plaintiff,<br><br>v.<br><br>A&B RESTAURANT GROUP, LLC,<br>d/b/a BENJAMIN STEAKHOUSE<br><br>Defendant. | Case No. 07 CV 11419 (JSR)<br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT – CLASS ACTION

NOW COMES the Plaintiff, Marvin Frank, for himself and on behalf of a class, by and through his attorneys and hereby complains of the Defendant, A&B Restaurant Group, LLC, d/b/a Benjamin Steakhouse, as follows:

## INTRODUCTION

1. Plaintiff Marvin Frank brings this action to secure redress for the violation by A&B Restaurant Group LLC, d/b/a Benjamin Steakhouse, of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

2. One provision of FACTA, codified as 15 U.S.C. §1681c(g), provides that:

> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

3. Federal courts have concluded that section 1681c(g) is "not ambiguous," and that it "expressly prohibits printing more than the last five digits of the credit/debit card numbers and also prohibits printing the card's expiration date." Pirian v. In-N-Out Burgers, 06-1251, 2007 U.S. Dist. LEXIS 25384, *8 (C.D.Cal. Apr. 5, 2007).

4. The purpose of this "truncation requirement" is to prevent identity theft.

5. One common modus operandi of identity thieves is to obtain credit card receipts that are lost or discarded, or through theft, and use the information on them to engage in transactions.

6. On information and belief, it is possible for sophisticated identity thieves to replicate a credit card number using the expiration date and the last four digits of the card number, or it makes it easier for identity thieves to obtain sufficient information to use another's credit card.

7. The expiration date is generally necessary for misuse of the card number.

8. The FACTA amendment prohibits merchants who accept credit cards and debit cards from issuing electronically-generated receipts that display the expiration date or that display more than the last five digits of the card number.

9. The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

10. As set forth more fully below, Defendant has willfully violated this law because its conduct was willful, knowing, or reckless, and Defendant failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by failing to comply with the truncation requirement by including expiration dates on credit card receipts.

11. Plaintiff brings this action against Defendant based on Defendant's violation of 15 U.S.C. §§1681 *et seq.* Plaintiff seeks statutory damages, attorneys fees, costs, and such other relief as the Court deems proper, including punitive damages.

## JURISDICTION AND VENUE

12.  This Court has subject matter jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

13  Venue in this district is proper because Defendant Benjamin Steakhouse, does business here.

## PARTIES

14.  Plaintiff, Marvin Frank, is a resident of this district.

15.  Defendant A&B Restaurant Group LLC, d/b/a Benjamin Steakhouse (hereinafter, "Benjamin") is the owner of a restaurant operating at 52 East 41st Street, New York, NY 10017.

16.  Defendant Benjamin is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

## FACTS

17.  On September 25, 2007, Plaintiff received from Benjamin Steakhouse a computer-generated cash register receipt which displayed Plaintiff's American Express card expiration date.

18.  On information and belief, the expiration date information, which is private, is published to and/or made available for viewing by third-parties by virtue of its placement on the receipt.

## CLASS ALLEGATIONS

19.  Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P 23(a) and (b)(3).

3

20.  The class is defined as all persons to whom Benjamin provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in New York after December 4, 2006, which receipt displays (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card or (c) both.

21.  The class is so numerous that joinder of all individual members in one action would be impracticable.

22.  There are well over 400 persons to whom Benjamin provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in New York after December 4, 2006, which receipt displays (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card or (c) both.

23.  Plaintiff's claims are typical of the claims of the class members. All are based on the same legal theories and arise from the same unlawful and willful conduct.

24.  There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

   a.  Whether Defendant had a practice of providing customers with a sales or transaction receipt which failed to comply with the truncation requirement.

   b.  Whether Defendant thereby violated FACTA.

   c.  Whether Defendant's conduct was willful, knowing, or reckless.

25.  Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of the class members. Plaintiff has retained experienced counsel.

4

26. A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible.

## VIOLATION ALLEGED

27. Defendant violated 15 U.S.C. §1681c(g)(1), which provides that:

> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transactions.

28. With respect to machines that were first put into use after January 1, 2005, 15 U.S.C §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

29. With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

30. Defendant accepts credit cards and/or debit cards in the course of transacting business with persons such as plaintiff and the class members. In transacting such business, Defendant uses cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

31. After the effective date of the statute, Defendant, at the point of sale or transaction, provided Plaintiff and each class member with one or more electronically printed receipts on each of which Defendant failed to comply with the truncation requirement or the requirement that expiration dates be omitted.

32. FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

33. On information and belief, Defendant knew of the truncation requirement and prohibition on the printing of expiration dates or was reckless in its failure to follow those requirements in light of the information readily available to it.

34. On information and belief, VISA, MasterCard, the PCI Security Standards Council—a consortium founded by VISA, MasterCard, Discover, American Express and JCB—companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendant about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and Defendant's need to comply with same.

35. The requirement was widely publicized among retailers.

36. For example, in response to earlier state legislation enacting similar truncation requirements, on March 6, 2003, the CEO of Visa USA, Carl Pascarella, explained that "Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether… The first phase of this new policy goes into effect July 1, 2003 for all new terminals…" "Visa USA Announces Account Truncation Initiative to Protect Consumers from ID Theft; Visa CEO Announces New Initiative at Press Conference With Sen. Dianne Feinstein," PR Newswire, March 6, 2003.

37. Within 24 hours, MasterCard and American Express announced they were imposing similar requirements.

38. The card issuing organizations proceeded to require compliance with FACTA by contract, in advance of FACTA's mandatory compliance date. For example,

the August 12, 2006 edition of "Rules for Visa Merchants" (p.62), which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of the receipt: and "the expiration date should not appear at all." These statements were accompanied by a picture of a receipt showing precisely what had to be removed. VISA required complete compliance by July 1, 2006, five months ahead of the statutory deadline.

39    Defendant accepts Visa card and MasterCard and on information and belief, is a party to a contract requiring compliance with the above-quoted requirement.

40.   American Express has a manual that contains a similar depiction of what information must be suppressed.

41.   Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement. Defendant could have readily done the same.

42    Defendant willfully disregarded FACTA's requirements in that its violation was either willfully, knowingly, or recklessly done, and continued to use cash register or other machines or devices that print receipts in violation of FACTA

43    The FCRA, 15 U.S.C. §1681n, provides:

§1681n. Civil liability for willful noncompliance

(a) In general, Any person who willfully fails to comply with any requirement Imposed under this title [15 USC §§1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of--

7

(1)

    (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

    (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

(2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

44.     The FCRA, 15 U.S.C. §1681p, provides:

§1681p. Jurisdiction of courts; limitation of actions

An action to enforce any liability created under this title [15 USCS §§1681 *et seq.*] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—

    (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or

    (2) 5 years after the date on which the violation that is the basis for such liability occurs

WHEREFORE, the Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendant as follows:

    a.     For statutory damages of $100 to $1,000 per violation;

    b.     For attorney's fees, litigation expenses and costs;

8

    c      For such other and further relief as the Court may deem proper, including punitive damages.

Dated: April 2, 2008

                            Respectfully submitted,

                            **DONALD R. LOMAX, P.C.**

                            By: _____
                            Donald R. Lomax
                            386 Park Avenue South
                            New York NY 10016
                            Tel. (212) 682 7704

                            **BARONE & JENKINS, P.C.**
                            Anthony G. Barone (ARDC No. 06196315)
                            David M. Jenkins (ARDC No. 6211230)
                            635 Butterfield Road, Suite 145
                            Oakbrook Terrance, Illinois 60181
                            Tel. (630) 472-0037

                            *Attorneys for Plaintiff and the Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARVIN FRANK,
Individually and on behalf of a class,

          Plaintiff,

v

A&B RESTAURANT GROUP, LLC,
d/b/a BENJAMIN STEAKHOUSE,

          Defendant.

Case No. 07 CV 11419 (JSR)
Judge Rakoff

AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                              ):ss
COUNTY OF NEW YORK  )

       SARAH ANN RODGERS, being duly sworn, deposes and says:

       1.    Deponent is not a party to this proceeding, is over 18 years of age and resides at New York, New York.

       2.    On April 2, 2008, Deponent served the within AMENDED COMPLAINT upon:

              Nicoll Davis & Spinella LLP
              250 Park Avenue, Suite 1500
              New York, NY 10177

by first class mail, by depositing a true copy of same in a post-paid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York

                                                                           SARAH ANN RODGERS

Sworn to before me this
2nd day of April 2008

_____
Notary Public

              DONALD R. LOMAX
      Notary Public, State of New York
             No. 36-4677878
          Qualified in Orange County
     My Commission Expires May 31, 2010

## CERTIFICATION OF SERVICE

I, Steven C. DePalma, do hereby certify that I am over the age of 18 and not a party to this action and that on the April 30, 2008 I did cause to be served a true and correct copy of A & B RESTAURANT GROUP, LLC's Third-Party Complaint by First Class Mail by depositing a true copy of same in a post-paid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New Jersey:

Donald R. Lomax, Esq.
Donald R. Lomax, P.C.
386 Park Avenue South, Suite 901
New York, NY 10016
(212)-682-7704

Anthony G. Barone, Esq.
Barone & Jenkins, P.C.
635 Butterfield Road
Suite 145
Oakbrook Terrace, IL 60181
(630) 472-0037

David Jenkins, Esq.
Barone & Jenkins, P.C.
635 Butterfield Road
Suite 145
Oakbrook Terrace, IL 60181
(630) 472-0037

I declare under penalty of perjury that the foregoing is true and correct. Executed at Paramus, New Jersey, this 30th day of April, 2008.

NICOLL DAVIS & SPINELLA LLP
Attorneys for Defendant/Third-Party Plaintiff,
A & B RESTAURANT GROUP, LLC,

BY: _____
STEVEN C. DEPALMA

7