BAHN, HERZFELD & MULTER, LLP
555 Fifth Avenue, 14th Floor
New York, NY  10017
(212) 818-9019
Attorneys for Third-Party Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MARVIN FRANK, Individually and on behalf          :
of a Class,
                                                  :          Dkt. No. 07-CV-11419 (JSR)

                           Plaintiff,             :

              -v-                                 :

A & B RESTAURANT GROUP LLC,                       :

                           Defendant.             :
-------------------------------------------------------------X        **ANSWER TO**
                                                              **THIRD-PARTY COMPLAINT**
A & B RESTAURANT GROUP LLC,                       :

                    Third-Party Plaintiff,        :

              - v-                                :

RETAIL AUTOMATION PRODUCTS, INC.,                 :

                    Third-Party Defendant.        :
-------------------------------------------------------------X

      Third-Party Defendant RETAIL AUTOMATION PRODUCTS, INC. ("RAP"), by and

through its attorneys, Bahn, Herzfeld & Multer, LLP, as and for its Answer to the Third-Party

Complaint in this matter, states as follows:

      1.  Denies knowledge or information sufficient to form a belief as to the truth of the

      allegation set forth in Paragraph 1 of the Third-Party Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 2 of the Third-Party Complaint.

3. Admits the allegation set forth in Paragraph 3 of the Third-Party Complaint, except states that its principal place of business is located at 45 West 38th Street, Suite 203, New York, New York, and not "45 West 38th Street, Suite 203 1410 York Avenue" [*sic*], as set forth therein.

4. In response to Paragraph 4 of the Third-Party Complaint, repeats, realleges, and incorporates by reference its responses to Paragraphs 1 through 3 of the Third-Party Complaint, inclusive, as if fully set forth herein.

5. An affirmative response is not required to the allegations set forth in Paragraph 5 of the Third-Party Complaint, which merely purport to state the legal basis of the underlying action. To the extent that any response is required, admits that Plaintiff purports to proceed as set forth therein.

6. Paragraph 6 of the Third-Party Complaint states that the Court has jurisdiction over the underlying action "pursuant to *29* U.S.C. §1331. (emphasis added)" Third-Party Defendant assumes that this is a typographical error, and that Third-Party Plaintiff intended to invoke the federal question jurisdiction set forth in 28 U.S.C. §1331; based upon that assumption, admits the allegation set forth therein.

7. Admits the allegations set forth in Paragraph 7 of the Third-Party Complaint.

8. Admits the allegation set forth in Paragraph 8 of the Third-Party Complaint.

9. Admits the allegation set forth in Paragraph 9 of the Third-Party Complaint.

10. Denies the factual allegations set forth in Paragraph 10 of the Third-Party Complaint, but admits that Third-Party Plaintiff purports to proceed as set forth therein.

11. In response to Paragraph 11 of the Third-Party Complaint, repeats, realleges, and incorporates by reference its responses to Paragraphs 1 through 10 of the Third-Party Complaint, inclusive, as if fully set forth herein.

12. Admits the allegations set forth in Paragraph 12 of the Third-Party Complaint.

13. Admits the allegations set forth in Paragraph 13 of the Third-Party Complaint.

14. Denies the allegations set forth in Paragraph 14 of the Third-Party Complaint.

15. Denies the allegations set forth in Paragraph 15 of the Third-Party Complaint.

16. Denies the allegations set forth in Paragraph 16 of the Third-Party Complaint.

17. Denies the allegations set forth in Paragraph 17 of the Third-Party Complaint.

18. In response to Paragraph 18 of the Third-Party Complaint, repeats, realleges, and incorporates by reference its responses to Paragraphs 1 through 17 of the Third-Party Complaint, inclusive, as if fully set forth herein.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Third-Party Complaint.

20. Denies the allegations set forth in Paragraph 20 of the Third-Party Complaint.

21. Denies the allegations set forth in Paragraph 21 of the Third-Party Complaint.

22. In response to Paragraph 22 of the Third-Party Complaint, repeats, realleges, and incorporates by reference its responses to Paragraphs 1 through 21 of the Third-Party Complaint, inclusive, as if fully set forth herein.

23. Denies the allegations set forth in Paragraph 23 of the Third-Party Complaint.

24. In response to Paragraph 24 of the Third-Party Complaint, repeats, realleges, and incorporates by reference its responses to Paragraphs 1 through 23 of the Third-Party Complaint, inclusive, as if fully set forth herein.

25. Denies the allegations set forth in Paragraph 25 of the Third-Party Complaint.

26. Denies the allegations set forth in Paragraph 26 of the Third-Party Complaint.

27. Denies the allegations set forth in Paragraph 27 of the Third-Party Complaint.

28. Denies the allegations set forth in Paragraph 28 of the Third-Party Complaint.

29. Denies the allegations set forth in Paragraph 29 of the Third-Party Complaint.

30. Denies the allegations set forth in Paragraph 30 of the Third-Party Complaint.

31. Denies the allegations set forth in Paragraph 31 of the Third-Party Complaint.


## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

32. Third-Party Plaintiff fails to state a cause of action that can be maintained against

Third-Party Defendant.


## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

33. Any damages allegedly sustained by Third-Party Plaintiff were the result of acts

and/or conditions by Third-Party Plaintiff, none of which were under the control of

the Defendant.


## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

34. The Third-Party Complaint is barred by the doctrines of waiver and/or unclean hands.


## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

35. Third-Party Defendant acted reasonably and with due care at all times, and in good

faith and without malice.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

36. The Third-Party Complaint fails to plead fraud with sufficient specificity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

37.  The underlying action cannot be maintained as a result of the enactment of

legislation that eliminated the cause of action under which Plaintiffs purported to

proceed in the Amended Complaint.  President Bush signed that legislation (Public

Law No. 110-241), the Credit and Debit Card Receipt Clarification Act of 2008, on or

about June 3, 2008.  Accordingly, the underlying Amended Complaint fails to state a

cause of action against Defendant/Third-Party Plaintiff, and there can be no basis for

the Third-Party Complaint.

## DEMAND FOR JUDGMENT

WHEREFORE, Third-Party Defendant Retail Automation Products, Inc., requests the
following relief against the Third-Party Plaintiff, A & B Restaurant Group LLC:

A. Judgment in favor of RAP and against A & B, together with costs, including
reasonable attorneys' fees;

B. Dismissal of the Third-Party Complaint;

C. Dismissal of the underlying Amended Complaint (relief sought as to Plaintiff); and

5

D. For such further and additional relief as the Court deems just and proper

DATED:    New York, New York
          July 2, 2008

                         BAHN, HERZFELD & MULTER, LLP
                         Attorneys for Third-Party Defendants
                             Retail Automation Products, Inc.
                         555 Fifth Avenue, 14th Floor
                         New York, NY    10017
                         Phone: (212) 818-9019
                         Fax:    (212) 986-5316

                         By: _____
                            Andrew Multer (AM-2116)

To:    Jack T. Spinella, Esq.
       NICOLL, DAVIS & SPINELLA LLP
       Attorneys for Third-Party Plaintiff
       250 Park Avenue, Suite 1500
       New York, NY    10177
       (212) 972-0786

       Donald R. Lomax, Esq.
       DONALD R. LOMAX, P.C.
       Local Counsel for Plaintiffs
       386 Park Avenue South, Suite 901
       New York, NY 10016
       (212) 682-7704

       David Jenkins, Esq.
       BARONE & JENKINS, P.C.
       Attorneys for Plaintiffs
       635 Butterfield Road
       Suite 145
       Oakbrook Terrace, IL    60181
       (630) 472-0037